BENJAMIN MANDION *v.* THE FIREMEN'S INSURANCE COMPANY OF NEW ORLEANS—CALLOWAY, Garnishee.

A stockholder in an insolvent company, a part of whose subscription is unpaid, cannot, by a donation to an insolvent individual, made to get rid of his liability for such unpaid stock, avoid responsibility as a stockholder. A creditor, having a *fieri facias* against the company, may proceed against him in the manner pointed out by the 13th section of the act of 20th March, 1839, and, on proving that the donation was not real, recover judgment for any balance due on the stock.

Mandion v. The Firemen's Insurance Company of New Orleans.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Rozier*, for the plaintiff.

*J. Strawbridge*, for the appellant.

BULLARD, J.   The plaintiff having a judgment against the Firemen's Insurance Company, caused a *fieri facias* to issue, and proceeded by garnishment against Calloway, who had been one of the stockholders, and was alleged to owe the company a part of his subscription for stock.   Interrogatories were propounded to him, and his answer, tending to show that he had made a donation of his stock to one Douglass, and was no longer bound as stockholder, was traversed by the plaintiff, as provided by the act of 1839 to amend the Code of Practice, sec 13.

The evidence taken on the issue thus made up, satisfied the court of the first instance, that, at the time the stock was given by the defendant to Douglass, it was utterly worthless, the institution being insolvent; and that Douglass, the pretended donee, was equally insolvent; and that the defendant in the garnishement evidently disposed of the stock, not with a view of making a real donation, but to avoid liability as a stockholder. A revocatory action in such a case would be an idle ceremony, because the only effect of such an action is to make the thing, forming the object of a fraudulent contract, subject to the debt of the suing creditor.   Now, in this case, the stock itself which formed the object of the donation, was without value, and could not have been sold to pay the plaintiff's debt.

There is nothing in the record to satisfy us that the court erred.

*Judgment affirmed.*